| United States District Court | District | USDC EASTERN DIST LA, NEW ORLEANS |
|---|---|---|
| Name of Movant JOHN HERRING | Prisoner No. 27157-034 | Case No. 00-CR-171 |
| Place of Confinement FCI YAZOO /BOX 5000 /YAZOO CITY, MS 39194 | | **00-171** |

| UNITED STATES OF AMERICA | V. | JOHN HERRING (name under which convicted) | **SECT. K** |
|---|---|---|---|

## MOTION

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED **NOV 2 4 2004**
LORETTA G. WHYTE
CLERK

1. Name and location of court which entered the judgment of conviction under attack
   **USDC , EASTERN DISTRICT OF LA, NEW ORLEANS, LA**

2. Date of judgment of conviction   5/8/2002

3. Length of sentence   84 months and 3 yr SR

4. Nature of offense involved (all counts)
   1. 18 usc 371
   2. 18 usc 664
   3. 18 usc 1347
   4-18. 18 usc 157

5. What was your plea?  (Check one)
   (a) Not guilty        ☑
   (b) Guilty            ☐
   (c) Nolo contendere   ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have?  (Check one)
   (a) Jury       ☑
   (b) Judge only ☐

7. Did you testify at the trial?
   Yes  ☑     No ☐

8. Did you appeal from the judgment of conviction?
   Yes  ☑     No ☐

(2)

Fee
Process
Dktd
CtRmDep
Doc. No.

9.   If you did appeal, answer the following:

(a)  Name of court   USCA 5TH CIRCUIT 02-30533 AND WRIT TO US SUP. CT

(b)  Result   CONVICTION AFFIRMED

(c)  Date of result   APPEAL DENIED 8/8/03 AND WRIT FOR CERT DENIED 11/26/ 2003

10.   Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any federal court?
Yes   ☐      No   ☑

11.   If your answer to 10 was "yes," give the following information:

(a)  (1)  Name of court

(2)  Nature of proceeding

(3)  Grounds raised

(4)  Did you receive an evidentiary hearing on your petition, application or motion?
Yes   ☐      No   ☐

(5)  Result

(6)  Date of result

(b)  As to any second petition, application or motion give the same information:

(1)  Name of court

(2)  Name of proceeding

(3)  Grounds raised

(4) Did you receive an evidentiary hearing on your petition, application or motion?

      Yes ☐    No ☐

(5) Result

(6) Date of result

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?

    (1) First petition, etc.        Yes ☐    No ☐

    (2) Second petition, etc.    Yes ☐    No ☐

(d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

    CAUTION: If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.

    For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

    Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e) Conviction obtained by a violation of the privilege against self-incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by a violation of the protection against double jeopardy.

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(i) Denial of effective assistance of counsel.

(j) Denial of right of appeal.

A. Ground one:
   DEFENDANT WAS SENTENCED ILLEGALLY BEYOND CHARGED OFFENSE IN VIOLATION OF FIFTH AND SIXTH AMENDMENTS

   Supporting FACTS (state *briefly* without citing cases or law):
   NEITHER THE DEPARTURES OR ENHANCEMENTS WERE PRESENTED BY INDICTMENT SUBMITTED TO A JURY NOR RENDERED BY THE JURY / SEE MEMORANDUM OF LAW

B. Ground two:
   THE DEFENDANT WAS PREJUDICED BY INEFFECTIVE COUNSEL IN VIOLATION OF THE SIXTH AMENDMENT

   Supporting FACTS (state *briefly* without citing cases or law):
   SEE MEMORANDUM OF LAW ATTACHED

C. Ground three:
   THE COURT ERRED IN DELEGATION OF REPAYMENT OF RESTITUTION TO THE BUREAU OF PRISONS INSTEAD OF SETTING UP COURT RENDERED SCHEDULE

   Supporting FACTS (state *briefly* without citing cases or law):
   REPAYMENT OF RESTITUTION PAYMENT SCHEDULES IS A CORE JUDICAL FUNCTION AND THE DEFERRMENT TO BOP IS A VIOLATION OF CONSTITUTIONAL LAW/ SEE MEMORANDUM OF LAW

D.  Ground four:

Supporting FACTS (state *briefly* without citing cases or law):

13.  If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so
presented, and give your reasons for not presenting them:
INEFFECTIVE ASSISTANCE OF COUNSEL, COUNSEL FAILED TO PROVIDE EFFECTIVE
ASSISTANCE AT TRIAL AND SENTENCING
SEE MEMORANDUM OF LAW

14.  Do you have any petition or appeal now pending in any court as to the judgment under attack?
Yes  ☐      No  ☑

15.  Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked
herein:

(a)  At preliminary hearing
SEE BELOW

(b)  At arraignment and plea
SE BELOW

(c)  At trial
SEE BELOW

(d)  At sentencing
C FRANK HOLTHAUS 628 ST LOUIS STREET, BATON ROUGE LA 70802

    (e)  **On appeal**
         **SAME**

    (f)  **In any post-conviction proceeding**
         **PRO SE**

    (g)  **On appeal from any adverse ruling in a post-conviction proceeding**

16.    Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
    Yes ☑     No ☐

17.    Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
    Yes ☐     No ☑

    (a)  If so, give name and location of court which imposed sentence to be served in the future:

    (b)  Give date and length of the above sentence:

    (c)  Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
    Yes ☐    No ☑

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_____
                Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct.  Executed on

_11/24/04_____
      Date

                      _John Herring_____
                         Signature of Movant

(7)

## UNITED STATES DISTRICT COURT.
### FOR THE EASTERN DISTRICT OF LOUISIANA
### NEW ORLEANS DIVISION

#### Criminal Case No. 00-CR-171-ALL Civil Case No:

**JOHN HERRING**

**Defendant-Movant, and**

**v.**

**UNITED STATES OF AMERICA,**

**Respondent**

### HERRING'S MOTION TO VACATE, SET ASIDE, AND TO CORRECT, MODIFY, RESENTENCE OR SET FOR NEW TRIAL PURSUANT TO TITLE 28 UNITED STATES CODE 2255 Et. Seq.

Comes Now the Defendant, John Herring, in pro per, who moves this Court for a grant to vacate or set aside his conviction, and to correct, modify or set for new trial pursuant to Title 28 United States Code 2255 and states in support thereof the following:

### BACKGROUND

The offenses in this case stemmed from an alleged conspiracy to embezzle from employee pension plans, to commit health care fraud, and to commit bankruptcy fraud; all in violation of Title 18 United States Code 371/664, 1347 in conjunction with Title 18 United States Code 2 aiding and abetting.

On June 15, 2000, Defendant John Herring was indicted as to (1) count(s) 1,2,3,4-18. His wife and codefendant, Martha Sewell was indicted as to (2) count(s) 1,2,3,4-18, 19-20. In addition, their various corporate enterprises were also included in the indictment: So Style Success Inc (3) count(s) 1, Golden Goose Ent Inc (4) count(s) 1, Gold Co International Ltd (5)

count(s) 1, Success So Style (6) count(s) 1, and Home Care Center Inc.

After a jury trial, John Herring was sentenced on May 8,2002 as to count(s) 1,2,3,4-18 of indictment. The Defendant was committed to the Bureau of Prisons for 84 months as to count 3 and for 60 months as to counts 1,2,4-18, to be served concurrently; John herring was ordered to make restitution to the following persons in the total amt of $7,324,226.00: Stanford Trust Co $4,390,832.00; Home Care Ctr Pension Plan - $970,761.00; Medicare - $105,738.00; Healthcare Capital Resources - $1,856,895.00. Upon release Defendant Herring is to be placed on supervised release for 3 years on each counts, to be served concurrently, w/special conditions imposed; the Court waives the interest requirement and the fine in this case. A Special Assessment fee of$ 1800.00 was imposed by Judge Stanwood R. Duval Jr.

In the same manner on the same day, the court imposed judgment as to Martha Sewell as to count(s) 1,2,3,4-20 of indictment. Ms. Sewell was also committed to the bureau of Prisons 84 months as to count 3 & for 60 months as to counts 1,2,4-20, to be served concurrently. In the same manner; Ms. Sewell is to make restitution to the following persons in the total amount of $7,324,226.00: Stanford Trust Co - $4,390,832.00; Home Care Ctr Pension Plan - $970,761.00; Medicare - $105,738.00; Healthcare Capital Resources - $1,856,895.00. Upon release, she is also placed on supervised release for 3 years on each count, to be served concurrently, with special conditions imposed. The Court waived the interest requirement and fine in this case, although it did impose a Special Assessment fee of $ 2,000.00.

Herring appealed (#02-30533) and his conviction was affirmed by the Fifth Circuit Court of Appeals on August 8, 2003. The United States Supreme Court denied Certiorari on November 26,2003. Herring is currently incarcerated (BOP# 27157-034) pursuant to the order of this court

Page -2-

remanding custody to the Bureau of Prisons and is located in Federal Correctional Institute in

Yazoo City, Mississippi 39194. Herring's current release date is set for August 20,2008.

## JURISDICTIONAL STATEMENT

Herring's motion for habeas relief seeks a finding that the judgment was imposed in

violation of the Constitution or laws of the United States, or that the court was without

jurisdiction to impose such a judgement, or that the sentence was in excess of the maximum

authorized by law or sentencing guidelines, or that his sentence is otherwise subject to collateral

attack. Title 28 U.S.C. 2255; et. seq. Herring claims that a review of his sentencing reveals

fundamental defects which have resulted in a complete miscarriage of justice. David v. United

States (1st Cir.1998) (quoting Hill v. United States, 368 U.S. 424 (1962).Herring has filed this

Section 2255 motion on a timely basis inlight of Section 105 of the Antiterrorism and Effective

Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214, 1220 which creates a " 1-year period of

limitation" in which to file a §2255.

## THE DEFENDANT WAS SENTENCED ILLEGALLY BEYOND THE CHARGED OFFENSE IN VIOLATION OF THE FIFTH AND SIXTH AMENDMENTS.

The Defendant asserts that the Blakely and Apprendi cases reaffirm that imposed

enhancements and departures beyond that contained in the indictment are unconstitutional

violations of the Defendant's Sixth Amendment entitlements for an explicit finding by the jury of

the elements of the charged offense as stated in the indictment. Neither the departures nor the

enhancements were charged in the indictment and were not presented to the jury for a finding

beyond a reasonable doubt, all in violation of the Fifth and Sixth Amendments.

Historically, one of the most important questions for the Sentencing Commission to

decide was whether to base sentences upon the actual conduct in which the defendant engaged

regardless of the charges for which he was indicted or convicted (real offense sentencing), or

upon the conduct that constitutes the elements of the offense with which the defendant was

charged and of which he was convicted charge offense sentencing). See <u>United States Sentencing</u>

<u>Guidelines, Chapter 1 Part A §1A1.1 Authority.</u>

The Commission, in its January 1987 Revised Draft and the present guidelines, moved to

a 'charge offense' system. **For the most part, the conduct that an indictment charges**

**approximates the real and relevant conduct in which the offender actually engaged.**

(Emphasis Defendant's). The Commission also recognizes that a charge offense system has

drawbacks of its own. One of the most important is its potential to turn over to the prosecutor the

power to determine the sentence by increasing or decreasing the number (or content) of the

counts in an indictment. Of course, the defendant's actual conduct (that which the prosecutor can

prove in court) imposes a natural limit upon the prosecutor's ability to increase a defendant's

sentence.

Moreover, the Commission has written its rules for the treatment of multicount

convictions with an eye toward eliminating unfair treatment that might flow from count

manipulation. For this reason, in paragraph 141 of the Presentence Report, pursuant to U.S.S.G.

§3D1.2 and 18 U.S.C. 3581, Counts 1 through 18 were grouped together since they all involve

the same general type of offense, namely fraud within a single conspiracy. Consequently all of

the counts must run concurrently as they are subsumed within the count of conspiracy. Further, a

sentencing court may control any inappropriate manipulation of the indictment through use of its

power to depart from the specific guideline sentence. <u>United States Sentencing Guidelines,</u>

Chapter 1 Part A §1A1.1 Authority.

# THE FAILURE TO PRESENT THE DEPARTURES AND ENHANCEMENTS IN THE INDICTMENT AND JURY INSTRUCTIONS VIOLATE IN RE WINSHIP AND PROOF REQUIREMENTS FOR A VALID VERDICT

The Defendant avers that his reliance upon the constitutional requirement for a jury verdict as to the uncharged enhancements and departures predates Apprendi and Blakely, and are valid defenses which do not depend on retroactivity nor on Apprendi or Blakely.

Expressions in many opinions of the Supreme Court indicate consistently that it has long been assumed that proof of a criminal charge beyond a reasonable doubt is constitutionally required. See In Re Winship, 397 U.S. 364 (1970); United States v Alarcon, 261 F.3d 416, 422 (5th Cir. 2001); Davis v. United States, 160 U.S. 469, 488 (1895) ('No man should be deprived of his life under the forms of law unless the jurors who try him are able, upon their consciences, to say that the evidence before them ... is sufficient to show beyond a reasonable doubt the existence of every fact necessary to constitute the crime charged.'). In this case, the departures and enhancements were not presented to a jury in order to render a verdict at all, let alone beyond a reasonable doubt, and on this basis the Defendant's sentence is illegal as violations of the Fifth and Sixth Amendments, mandating habeas relief.

## THE IMPACT OF BLAKELY V. WASHINGTON

On June 24, 2004, a sharply divided Supreme Court, by a 5-to-4 vote, invalidated the criminal sentencing system used by the State of Washington. Building on the essential premise of Apprendi v. New Jersey, 530 U.S. 466 (2000) the majority held that, under the Sixth Amendment's guarantee of trial by jury, judges cannot be permitted to make the factual findings

Page -5-

that increase a defendant's sentence beyond the maximums suggested by the statutory guidelines; juries must find such facts "beyond a reasonable doubt. Writing for the majority, Justice Scalia stated: "When a judge inflicts a punishment that the jury verdict does not allow . . . the judge exceeds his proper authority". Blakely v Washington, 543 U.S. _ , 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004).

While the Court did not specifically address the Federal Sentencing Guidelines, several of the Justices argued that the scope of the ruling is so broad that it casts significant doubt on the constitutionality of some of the essential provisions of the Federal Guidelines. For example, Justice O' Connor wrote: "All criminal sentences imposed under the federal and state guidelines since Apprendi was decided in 2000 arguably remain open to collateral attack". Blakely v Washington, 543 U.S. _ , 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004).

### THE APPLICABLE CHARGED OFFENSE BASE OFFENSE

The Presentence Report in paragraph 142 the applicable Base Offense Level: The United States Sentencing Guideline for theft from an employee pension plan, health care fraud and bankruptcy fraud, is found at U.S.S.G. § 2F1.1 (a), which establishes a base offense level of six. The sentencing range in this case would be 0-6 months and would allow probation. In this case, the verdict did not allow  the imposition of a sentence beyond 6 months as referenced in the base offense level, and the Defendant is entitled to be resentenced within the range of the base offense level six, i.e. 0-6 months. Blakely v Washington, 543 U.S. _ , 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004).

### DEFENDANT'S SENTENCE IS A VIOLATION OF THE SIXTH AND EIGHTH AMENDMENTS EVEN IN VIEW OF UNITED STATES V PINEIRO

The Defendant is well aware of U.S. v. Pineiro, 377 F.3d 464, 2004 U.S. App. LEXIS

14259 (5th Cir. July 12, 2004, as revised August 3, 2004) (Judge King) whereby the panel set up

a Circuit split with the Seventh Circuit's decision in U.S. v. Booker and the Sixth Circuit's now

vacated decision in U.S. v. Montgomery. The Fifth Circuit ruled that Blakely did not render the

Guidelines unconstitutional. However, while one issue proffers that Blakely affects the outcome

of this motion, the Defendant avers that he is entitled to relief on a basis other than Blakely as

noted infra.

## DEFENDANT'S MOTION TO STRIKE THE ENHANCEMENTS AND DEPARTURES

The Defendant's position is not whether the guidelines are, or are not, constitutional, but

that the application of departures and enhancement which raises his sentence above the base level

offense (in this case base level six) violates the Sixth Amendment to the Constitution. Further,

the enhanced penalties causing a sentence to be imposed above the base level offense creates a

violation of the Eighth Amendment as an excessive punishment.

The Presentence Report did not refute the objections of the defense. A PreSentence

Report generally bears sufficient indicia of reliability to be considered as evidence by a

sentencing judge when making factual determinations. United States v. Boatner, 966 F.3d 1575

(IIth Circuit 1992); United States v. Narviz-Guerra, 148 F.3d 530,537 (5th Circuit), cert. denied,

119 S. Ct. 601 (1998). An exception is made, however, when the PreSentence Report simply

gives "a recitation of the conclusions of. . . the prosecutor." United States v. Elwood, 999 Fold

814,817 (5th Circuit 1993). "Bald, conclusionary statements do not acquire the patina of

reliability by mere inclusion in the PreSentence Report," through the request of the prosecutor.

See id. at 817-18. In this case, the governmental proffer of the various amounts involved in this

Page -7-

case, without the benefit of transcripts, violated the cardinal rules set forth in rule 32 of the

Federal Rules of Criminal Procedure and violated due process concerns. The Probation Officer,

instead of conducting her own independent investigation, deferred to the government. See <u>United</u>

<u>States v. Hanono-Suruiun,</u> 914 Fold 15, 19-20 (lst Circuit 1990) (Rule 32 serves the dual

purposes of protecting the defendant's due process right to be sentenced on the basis of accurate

information and providing a clear record of disposition and resolution of controverted facts). In

this case, the court merely adopted the PreSentence Report without the required findings or

accuracy. <u>United States v Khawaia,</u> 118 F.3d 1454, 1460 (11th).

On the basis noted, the Defendant moves to strike the following enhancements and

departures as unlawful violations of his Sixth Amendment rights to a charge by indictment and

absent a finding by a jury beyond a reasonable doubt.

A. Paragraph 143 of the PreSentence Report:. Specific Offense Characteristics:

Pursuant to U.S.S.G. § 2F1.1(b)(1)(O), if the loss involved is more than $5,000,000 but less than

$10,000,000, a 14 level enhancement is applied.

B. Paragraph 144 of the PreSentence Report: Specific Offense Characteristics:

Pursuant to U.S.S.G. § 2F1.1 (b)(2), if the offense involved more than minimal planning or a

scheme to defraud more than one victim, a two level enhancement is warranted. . The instant

offense allegedly involves repeated fraudulent actions over an extended period of time, as well as

multiple victims, and the PSR claimed the enhancement is warranted.

C. Paragraph 145 of the PreSentence Report: Specific Offense <u>Characteristics:</u>

<u>Pursuant</u> to U.S.S.G. § 2F1.l(b)(4), if the offense involved a misrepresentation or other

fraudulent action during the course of a bankruptcy proceeding, the offense level is enhanced two

levels.

D. Paragraph 147 of the PreSentence Report: Adjustment for role in the offense: Pursuant to U.S.S.G. § 3B1.1(c), if the defendant was an organizer, leader, manager, or supervisor in any criminal activity, the offense is increased two levels. John and Martha Herring were the officers and directors of Golden Goose, Goldco International, Southern Style Success, Inc., Success Southern Style, L.L.C. Home Care Center and of each of the Golden Age Agencies. In that capacity they exercised management responsibility and control over numerous individuals. According to the PSR the defendants plan and artifice to defaud Medicare and the pension plans would not have been allowed but for the participation in the scheme by Home Care Center accountant, Buddy Estes, pension plan trustees, and others for which the defendants exercised control. Pursuant to U.S.S.G. § 3B1.1(c), the offense is increased two levels.

E. Paragraph 148 of the PreSentence Report:  Adjustment for Role in the Offense: Pursuant to U.S.S.G. § 3B1.3, if the defendant abused a position of public or private trust in a manner that significantly facilitated the commission or concealment of the offense, the offense is increased two levels. According to the PSR, approximately 600 employees were participants in pension plans of which John and Martha Herring were the fiduciaries. Accordingly, the abuse of position enhancement applies per the PSR.

The court decided, based on the PreSentence Report that this case involved a Total Offense level of 28 with a sentencing range of 78-97 months, and imposed a sentence of 84 months. In this case, the verdict did not allow the imposition of a sentence beyond 6 months as referenced in the base offense level, and the Defendant is entitled to be resentenced within the range of the base offense level six, i.e. 0-6 months.

Page -9-

## THE DEFENDANT WAS PREJUDICED BY INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF HIS SIXTH AMENDMENT ENTITLEMENTS

Defendant moves this court to grant habeas relief on the basis of ineffective counsel as to the imposition of sentence based on counsel's failures to contest the misapplication of the sentencing guidelines and to contest, the failure to press the constitutional issues before this court, and on the grounds contained in this memorandum of law. Glover v United States, 531 U.S. 198 (2001).

The Defendant is aware that to succeed on his claim of ineffective assistance of counsel he must meet two requirements. "First, the defendant must show that counsel's performance was deficient. . . . Second, the defendant must show that the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687, 80 L.Ed.2d 674, 104 S.Ct. 2052 (1984). In assessing counsel's performance "a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Strickland, 466 U.S. at 690. If the court finds that counsel's performance was deficient, a petitioner than must prove prejudice. To establish prejudice, the "defendant must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Id. at 694; United States v McPhail __ F.3d __ (5th Cir. 1995). Counsel was constitutionally deficient as indicated below:

Counsel failed to argue that the jury instructions did not include the proper instruction as to "wilfulness" and this misinstruction altered the perception of the verdict requirement and allowed a lesser standard of finding to be the foundation of the jury's verdict, therefore not contesting a violation of the Fifth Amendment due process as well as the Sixth Amendment

requirement of a valid jury instruction for the rendering of a verdict.

As noted above, counsel failed to object when the court inflicted a punishment that the jury verdict does not allow and therefore the court exceeded his proper authority in violation of the Sixth and Eighth Amendments. This issue is not based on the Blakely analysis but on pre-existing caselaw and is different from the next point.

As noted above, counsel did not object to the increase in punishment by the imposition of invalid departures and enhancements contrary to <u>Apprendi v New Jersey</u> (citation omitted) which were not presented in the indictment nor made a part of the jury instructions in order to render a constitutionally valid verdict.

In the course of the trial, and pertaining to the bankruptcy proceedings as to Martha Herring, the defense represented that Ms. Herring relied on the advice of counsel in setting up certain transactions but did not call any of them as witnesses in order rebut the governmental case. Counsel was deficient for the failure to call those witnesses which would have substantially reputed the governmental claims of bankruptcy fraud, such testimony being material to the allegations contained in the indictment. In addition, counsel failed to call upon either the accountant or the bankruptcy attorney at trial who presumably would testify that the Defendants relied upon the advice and counsel as to the disclosures necessary to avoid any illegality.  See Affidavit of David M. Cohen, Esq., attached hereto.

As noted above, counsel failed to ensure that the court was aware of the requirement of scheduling a payment schedule as to restitution as a core judicial function. The court's omission has led to the determination by the Bureau of Prisons of the schedule of payments during the period of incarceration and is a statutory violation as well as a plain judicial error which

Page -11-

mandates resentencing.

## THE COURT ERRED IN DELEGATING THE REPAYMENT RESTITUTION SCHEDULE TO THE PROBATION OFFICE AND BUREAU OF PRISONS AND RE SENTENCING IS CONSTITUTIONALLY MANDATED

The Defendant asserts that the district court improperly delegated the setting of the payment schedule to the Probation Office and the Bureau of Prisons in violation of the laws of the United States. The Defendant argues that the district court was required to consider his financial circumstances in determining how the restitution would be paid and that the court itself must establish any payment schedule. The Mandatory Victims Restitution Act ("MVRA") provides "A restitution order may direct the defendant to make a single lump sum payment, partial payments at specified intervals, in kind payments, or a combination of payments at specified intervals and in kind payments". 18 U.S.C. 3664 (f)(3)(A) The MVRA also states that the court shall, pursuant to section 3572, specify in the restitution order the manner in which and the schedule according to which the restitution is to be paid". 18 U.S.C. 3664 (f)(2). Section 3572 in turn provides that "if the restitution order permits other than immediate payment, the length of time over which scheduled payments shall be set by the court. 18 U.S.C. 3572 (d)(2).

The setting a schedule for a prisoner to pay restitution or fines is a core judicial function under the MVRA, and that the district court may not delegate discretion to set the schedule. See United States v. Prouty, 303 F.3d 1249 (11th Circuit 2002), ("MVRA precludes the district court from delegating duties expressly delineated in the statute); United States v. McGlothlin, 249 F.3d 783 (8th Circuit 2001) (MVRA requires the court to set a detailed payment schedule at

Page -12-

sentencing); <u>United States v. Coates,</u> 178 F.3d 681,684 (3rd Circuit 1999) (explaining

Constitution and MVRA forbid court to delegate authority to set payment schedule). Such

abrogation of judicial function is a constitutional violation and abuse of discretion. See <u>United</u>

<u>States v. Prouty,</u> 303 F.3d 1249 (11 th Circuit 2002) ("If the statute does not permit delegation to

the Probation Office, we cannot endorse a restitution order requiring "immediate payment" with

an informal understanding that the provide basic information").

## EVIDENTIARY HEARING

The Defendant claims that there are reasonably specific non-conclusory facts that if true,

would entitled him to relief. Herring claims that the above allegations are not contradicted by the

record and the claim is not frivolous. <u>Aron</u> v. United States, 291 F.3d 708 (11 th Circuit 2002).

On this basis, Herring moves for an evidentiary hearing pursuant to 28 United States Code 2255,

Rule 8; if this court deems such to be equitable and just. In addition, Herring moves for

appointment of new counsel pursuant to 18 U.S.C. 3006A(g).

## TRANSCRIPTS

Defendant Herring moves this court for a grant of transcripts and documents at no charge

to be provided by the Clerk of Court and/or the respondent pursuant to 28 U.S.C. 2250 and 28

USC 753(f).

## CONCLUSION

Herring is moving for a finding that the judgement and sentence was imposed in violation

of the Constitution or laws of the United States, or that the court was without jurisdiction to

impose such judgement, or that the sentence was in excess of the maximum authorized by law or

sentencing guidelines, or is otherwise subject to collateral attack.

Page -13-

Wherefore John Herring, in pro se status, moves this court for a grant of vacatur or set aside of his conviction, and for this court to effectuate correction, modification, or setting of retrial, and any other relief which this court may deem equitable and just.

Submitted;

*John Herring*

John Herring, Pro Se litigant
Reg: 27157-034
Federal Correctional Institution Yazoo
Box 5000
Yazoo City, Mississippi, 39194

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY the original and two copies of the foregoing Motion for 28 U.S.C. 2255 Habeas Corpus Relief were sent, with U.S. First Class postage, to the Clerk of Court for the United States District Court for the Eastern District of Louisiana, Hale Boggs Federal Building, 200 Poydras Street, New Orleans, LA 70130, and a copy to the United States Attorney, Hale Boggs Federal Building, 200 Poydras Street, New Orleans, LA 70130, this 24th day of November, 2004. I Affirm that the foregoing is true and correct under the laws of perjury.

Submitted,

*John Herring*

John Herring
Pro Se litigant

*Note to Clerk of Court and Respondent:* In order to assure timely receipt, please mark all documents sent to Defendant- Movant:***"LEGAL MAIL OPEN IN PRESENCE OF INMATE"***

## AFFIDAVIT OF DAVID M. COHN

STATE OF LOUISIANA

PARISH OF EAST BATON ROUGE

BEFORE ME, the undersigned Notary Public, personally came and appeared

DAVID M. COHN

who, after being duly sworn, did depose and state:

1. I am an Attorney At Law licensed to practice in the State of Louisiana since October 1980.

2. I represented John Herring and Martha Sewell in the civil suit captioned "Alexis M. Herman, Secretary of labor, United States Department of Labor, Plaintiff vs. Home Care Center, Inc., et al, Defendants, Civil Action No. 98-484-1-M1, United States District Court, Middle District of Louisiana", hereafter called the "Action".

3. If I had been called as a witness in the criminal trial of Martha Sewell related to federal charges over ERISA violations, I would have testified that prior to the indictments being obtained by the United States Attorneys, Martha Sewell and John Herring had negotiated in good faith with the U.S. Department of Labor in the Action and were in the process of finalizing a Consent Judgment to resolve all ERISA claims in the Action except for civil penalties under 502(1)/29 C.F.R. 2570.85 or civil penalties or interest for failure to file timely Form 5500's.

SWORN TO AND SUBSCRIBED, before me, Notary, on this 26th day of October, 2004, at Baton Rouge, Louisiana.

_____
DAVID M. COHN

_____
NOTARY PUBLIC
Bartley P. Bourgeois, LBR#26606

# SEE RECORD FOR

# EXHIBITS

# OR

# ATTACHMENTS

# NOT SCANNED