FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 DEC -8 PM 1:26

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 00-171 |
| JOHN HERRING, ET AL. | SECTION "K" |

### ORDER AND REASONS

Before the Court are Martha Herring's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Doc. 199) and John Herring's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Doc. 200). Petitioners contend that (1) they were sentence illegally beyond the charged offense in violation of the Fifth and Sixth Amendments as neither the departures or enhancements were presented by indictment submitted to a jury nor rendered by the jury; (2) defendants were prejudiced by ineffective counsel in violation of the Sixth Amendment; and (3) the court erred in delegation of repayment of restitution to the Bureau of Prisons instead of setting up a court rendered schedule. Having reviewed the pleadings, memoranda and the relevant law, the Court finds no merit in the subject motions.[1]

---

[1] As the arguments raised by both Martha and John Hearing are identical, the Court will dispose of these petitions in one order.

___ Fee_____
___ Process_____
X  Dktd_____
V  CtRmDep_____
___ Doc. No _____

**Background**

The facts of this case have been recited by the United States Court of Appeals for the Fifth Circuit in *United States v. Herring*, 72 Fed. Appx.57 (5th Cir. 2003) and the Court incorporates that discussion in its entirety herein. John and Martha Herring were charged and convicted of violating 18 U.S.C. §§ 371 (conspiracy), 664 (theft from pension plans), 1347 (health care fraud), and 157(1) and (2) (bankruptcy fraud). Martha Herring was charged and convicted of two additional counts of bankruptcy fraud in violation of 18 U.S.C. § § 157(1) and (2). The Herrings' affiliated companies (the "Agencies") through which the violations occurred were also charged in the conspiracy.

As a result of their convictions, the Herrings were sentenced to 84 months imprisonment on the health care fraud count and to 60 months imprisonment on each of the other counts to be served concurrently. They were each ordered to pay restitution to Stanford Trust, the fiduciary for the Agencies' pension plans, in the amount of $4,390,832, Home Care Center Pension Plan in the amount of $970,761, medicare in the amount of $405,738, and Healthcare Capital Resources in the amount of $1,856,895. The convictions were affirmed by the 5th Circuit in the aforementioned decision. The Court will now turn to the petitioners' contentions.

**Analysis**

1. **Failure to Present the Departures and Enhancements in the Indictment and Jury Instructions Violates the Fifth and Sixth Amendments**

Petitioners' contention with respect to the unconstitutional nature of their sentences because of the failure of the Court to obtain a jury determination on the facts upon which the departures and

2

enhancements were made rests on *Blakely v. Washington*, 124 S. Ct. 2531 (2004), which was decided after petitioners were convicted and sentenced, and in "Defendant's consolidated Traverse to Government Opposition" *United States v. Booker/FanFan,* 543 U .S. ----, 125 S.Ct. 785 (Jan. 12, 2005).

The Fifth Circuit has squarely held while the Supreme Court has not rendered any decision or combination of decision expressly so states, it is clear that *Blakely* and *United States v. Booker/FanFan,* 543 U .S. ----, 125 S.Ct. 785 (Jan. 12, 2005) do not apply retroactively on collateral review. *In re Elwood,* 408 F.3d 211, 213 (5th Cir.2005). In so doing, it expressly joined the United States Courts of Appeal for the Third, Tenth, Eleventh and Seventh Circuits holding that *Booker*"does not apply retroactively on collateral review for purposes of a successive § 2255 motion." citing *In re Olopade,* 403 F.3d 159, 160 (3d Cir.2005); *Bey v. United States,* 399 F.3d 1266, 1269 (10th Cir.2005); *In re Anderson,* 396 F.3d 1336, 1339 (11th Cir.2005); *McReynolds v. United States,* 397 F.3d 479, 481 (7th Cir.2005); *Green v. United States,* 397 F.3d 101, 103 (2d Cir.2005).

Furthermore, even if the Court were able to address the merits, this petition fails in light of the holding in *Booker/FanFan.* In *Blakely,* the Supreme Court held that a state sentencing guideline scheme which allowed enhancements without the underlying facts being found by a jury was unconstitutional. This decision raised a question as to whether the United States Sentencing Guidelines and its use of enhancements was constitutional. However, the Supreme Court's holding in *United States v. Booker/FanFan,* 543 U.S. ----, 125 S.Ct. 785 (Jan. 12, 2005), has resolved that question. In *Booker/FanFan,* a majority of the Supreme Court found that the Federal Sentencing Guidelines were unconstitutional because their mandatory nature had judges, and not juries, finding

3

facts that enhanced sentences. Steven G. Kalar, *A Booker Advisory: Into the Breyer Patch,* 29 MAR Champion 8 (March 2005). Then, a different majority, severed and excised that portion of the Sentencing Reform Act of 1984 that made the Guidelines mandatory in nature. The Guidelines are now advisory in nature, requiring a sentencing court to consider the Guideline ranges, including the enhancements, but permitting a court to tailor the sentence in light of other statutory concerns.

As state by Judge Stagg in *United States v. Jones,* 2005 WL 1704910 (W.D.La. July 20, 2005):

> In *United States v. Mares,* the Fifth Circuit Court of Appeals held that judicial fact-finding is permissible. *See United States v. Mares,* 402 F.3d 511 (5th Cir.2005). The court explained that, "[t]he Guideline range should be determined in the same manner as before *Booker/Fanfan." Id.* at 519. The court went on to hold that, *"Booker* contemplates that, with the mandatory use of the Guidelines excised, the Sixth Amendment will not impede a sentencing judge from finding all facts relevant to sentencing." *Id.* (citing *Booker,* 125 S.Ct. at 750, 764). It is clear that in spite of *Booker,* this court was free to consider aggravating factors without violating his Sixth Amendment rights. His argument that a judge acting alone cannot increase his sentence is without merit. *Id.* at *3.

This Court presided over this three week jury trial. There is positively no doubt in this Court's estimation that the Government proved the necessary facts required to support the departures and enhancements which are the basis for petitioners' argument.

The first contention that the applicable charged base offense level did not allow the imposition of a sentence beyond 6 months is absurd at best as is petitioners' seeking the "striking" of the 14 level enhancement found at paragraph of 143 of the Presentence Report. Clearly, the proper amount of fraud used to calculate the guideline enhancement was $7,324,226.00. *Herring,* 72 Fed. Appx. at 66. This finding was affirmed by the Fifth Circuit. As such, using a specific

offense characteristic of level 14 pursuant to 2F1(b)(1)(O)-loss of more than $5 million but less than $10 million–was appropriate. Indeed, even the jury in the forfeiture proceeding found that $6 million was to be forfeited which would also lie in the same calculation range. There is no prejudice demonstrated and no error made.

As to the argument that paragraph 144 of the Presentence Report adding a two level enhancement for more than minimal planning should be stricken, the indictment and the record is replete with the complexity of the scheme. The petitioners were found guilty of defrauding multiple people and businesses, including Medicare and the Stanford Trust, within the relevant time period. This contention fails.

Likewise, as to striking paragraph 145 of the Presentence Report which provides for a 2 point enhancement if the offense involved a misrepresentation or other fraudulent action during the course of a bankruptcy proceeding, there is more than enough evidence to support the imposition of this enhancement. In the indictment, Overt Act 65 of count 1 set forth testimony of Martha Herring at a bankruptcy proceeding that occurred in October 1996. Overt Act 71 involved a creditors' meeting which occurred on March 31, 1998, attended by both petitioners. Counts 9-18 were bankruptcy fraud counts alleging offenses which occurred on March 31, 1998. The petitioners were found guilty of each of the counts associated with petitioners' conduct at that hearing on that date. Thus, there is a jury verdict on those counts which specifically addressed this enhancement. This contention fails as well.

Finally, as to paragraph 147 finding that petitioners were organizers or leaders resulting in a two level increase, and paragraph 148 finding that petitioners abused a position of private trust that

5

significantly facilitated the commission of concealment of the offense, there was more than sufficient evidence presented to support these enhancements. Petitioners were the officers and directors of eleven companies used in the conspiracy. Clearly, as such, they placed the conspiracy into motion and carried it through. Furthermore, approximately 600 employees were participants in pension plans of which petitioners were the fiduciaries and from which they "borrowed" money to purchase buildings and never repaid those participants.   These enhancements are clearly justified.[2]

### 2.     Ineffective Assistance of Counsel

Petitioners seek habeas relief based on ineffective assistance of counsel based on (1) the failure of counsel to contest the Court's jury instructions; (2) the failure to press the constitutional issues before the Court including the misapplication of the sentencing guidelines used by the Court and (3) the delegation of the restitution payment schedule to the Bureau of Prisons. The contention that petitioners received ineffective assistance of counsel belies the record of this case and the Court's vivid recollection of the outstanding performance of plaintiffs' counsel.

To make a valid claim for ineffective assistance of counsel, petitioners must demonstrate **both** prongs of the test set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). They must show that (1) their counsel's performance was deficient; **and** (2)

---

[2] Petitioners contend in their "Traverse to Government's Opposition" that they are to entitled to relief under Fed. R. Civ. P. 60(b) and that the Court should apply *Booker/Phan-Phan*. Pretermitting whether they are entitled to such relief, clearly its application would not result in a change in their sentences as outlined above. The sentence is reasonable in all aspects.

their counsel's deficient performance prejudiced his defense. 466 U.S. at 687. As to the first prong of the test, petitioners must show that "counsel's representation fell below an objective standard of reasonableness." *Hill v. Lockhart,* 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)(citing *Strickland,* 466 at 694). Petitioners must also show, however, that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*

### a. Failure With Respect to Jury Instruction

Petitioners contend that "[c]ounsel failed to argue that the jury instructions did not include the proper instruction as to 'wilfulness' and this misinstruction altered the perception of the verdict requirement and allowed a lesser standard of finding to be the foundation of the jury's verdict." Petitioners raised a similar argument in their direct appeal to the Fifth Circuit. The Fifth Circuit rejected this claim stating: "The Herrings did not object to the instructions as given. Thus, if these instructions were erroneous at all, which is doubtful, the error was invited by the appellants and they are precluded from challenging it." *Herring,* 72 F3d.Appx at 62.

Indeed, the Court granted the Herring's request in lieu of the standard jury charge on willfulness requested by the Government accepting counsel for the Herring's argument that it was a more stringent standard and indeed the more appropriate one. The Court stands by that decision. Furthermore, considering the overwhelming evidence presented by the Government, the Court finds that this "error" cannot reach the *Strickland* standard as this alleged "error" would not have changed the result of the proceeding.

b.     **Failure With Respect to the Application of the Sentencing Guidelines and the Alleged Constitutional Claims**

Again, under the *Strickland* test, these claims fail. There was no Constitutional deficiency in the application of the enhancements and departures. With respect to the 14 level increase concerning the amount of money involved, there was a jury verdict that landed petitioners in that range. As to increases because of their involvement in the crime, there was no need for a separate jury finding. In a post-*Aprrendi*, but pre-*Booker*, decision, the Fifth Circuit did not require a jury decision with respect to aggravating or mitigating roles. It stated:

> We review a district court's determination that a defendant qualifies for an offense level adjustment for an aggravating or mitigating role in the offense for clear error. *United States v. Valencia,* 44 F.3d 269, 272 (5th Cir.1995). A district court's factual findings are not clearly erroneous if they are "plausible in light of the record as a whole." *United States v. Alford,* 142 F.3d 825, 831 (5th Cir.1998). A party seeking an adjustment in the base level of an offense bears the burden of proving by a preponderance of the evidence that the adjustment is warranted. *See United States v. Patterson,* 962 F.2d 409, 414 (5th Cir.1992). The sentencing court is free to consider all relevant evidence, even inadmissible evidence, in determining whether an adjustment is warranted so long as the evidence has a "sufficient indicia of reliability to support its probable accuracy." *Id.*

*U.S. v. Miranda,* 248 F.3d 434, 446 (5th Cir. 2001). Certainly, the evidence presented supported this enhancement. Then, as to the 2 level increase because the scheme involved more than minimal planning or a scheme to defraud more than one victim, the jury verdict as to this multiple count indictment supports that increase. Likewise, the jury verdict concerning bankruptcy misfeasance supports the 2 level increase based on misrepresentation in a bankruptcy proceeding. This reasoning is equally applicable to the 2 level enhancement justified by petitioners' abuse of private trust. Thus,

8

any claim that there was an ineffective assistance of counsel based on the application of the Guidelines does not meet the first *Strickland* prong since counsel's representation did not fall below an objective standard of reasonableness.

Likewise, considering the alleged failure to call witnesses concerning reliance on the advice of counsel to rebut the Government's case, petitioner contends that pertaining to the bankruptcy proceedings, Martha Sewell-Herring relied on the advice of counsel in setting up certain transactions but did not call any of them as witnesses. For proof as to how this would impact the verdict, petitioners provided the Court with an affidavit of one of their attorney's, David M. Cohen. However, the only substantive thing to which he attests is that prior to the indictments issuing, petitioners had negotiated in good faith the the U.S. Department of Labor in the Action and were in the process of finalizing a Consent Judgement to resolve all ERISA claims except for civil penalties. Obviously, this affidavit does not demonstrate that the testimony would have had an effect on the verdict and again, this claim fails to meet the *Strickland* standard.

Finally, concerning some alleged failure that the allowed the Bureau of Prisons to schedule the payments during the period of incarceration, the Court ordered at the time of sentencing the following:

> It is ordered that each defendant make restitution to such persons totaling $7,324,226.00, except that no further payment shall be required after the sum of the amounts actually paid by all defendants has fully covered all of the compensable injuries. Any payment made by a defendant shall be divided amount the persons named in proportion to their compensable injuries.

9

> The court finds that the defendants do not have the ability to pay interest on the restitution. The court will waive the interest requirement in this case.
>
> The payment of the restitution of $7,324,226.00, shall begin while each defendant is incarcerated. Upon release, any unpaid balance shall be paid at a rate of $500.00 per month.

Thus, factually, to the Court's knowledge there is simply no basis for this allegation and cannot as such be the basis for an ineffective assistance of counsel claim. If this claim is that the Court did not specify an amount to be paid during the incarceration, certainly, that alleged defalcation cannot support a *Strickland* claim as it neither demonstrates that counsel's representation fell below an objective standard of reasonableness, nor but for counsel's unprofessional errors, the result of the proceeding would have been different.

### 3.   Court Error Delegating Repayment of Restitution Schedule

As stated in *U.S. v. Segler,* 37 F.3d 1131(5th Cir. 1994):

> Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn,* 955 F.2d 367, 368 (5th Cir.1992). Moreover, a defendant "may not raise an issue [constitutional or jurisdictional in nature] for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." *United States v. Shaid,* 937 F.2d 228, 232 (5th Cir.1991) (en banc) (citation omitted), *cert. denied,* 502 U.S. 1076, 112 S.Ct. 978, 117 L.Ed.2d 141 (1992). "If the error is not of constitutional or jurisdictional magnitude, the defendant must show the error would result in a complete miscarriage of justice." *Id.* at 232 n. 7.

*Id.* at 1133. Obviously, the claim that the Court allowed the Bureau of Prisons to determine the amount of restitution required to be paid while in prison does not reach that magnitude. Furthermore, claims concerning restitution are not cognizable under § 2255 because they relate only to the imposition of fine, not to unlawful custody. *Untied States v. Hatten*, 167 F.3d 884, 887 (5th 1999).[3] Accordingly,

**IT IS ORDERED** that Martha Herring's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Doc. 199) and John Herring's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Doc. 200) are **DENIED** and judgment shall be entered dismissing these claims.

Houma, Louisiana, this 2nd day of December, 2005.

_____
STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT COURT JUDGE

---

[3] In the "Traverse to Government Opposition", petitioners raise for the first time the contention that 18 U.S.C. § 3582(c) provides another vehicle for the Court to consider resentencing downward. The Court finds there is no basis in law or reason that it would reduce these petitioners' sentence.
Finally, they also claim now that Counts 1 through 3 allege fraudulent acts that occurred before August 21, 1996, the effective date of the health care fraud statute, 18 U.S.C. § 1347 and, as such, violates the Ex Post Facto Clause.
A defendant may not raise an issue (constitutional or jurisdictional in nature) for the first time on collateral review without showing both "cause" for his procedural default, and "actual prejudice" resulting from error." *United States v. Segler*, 37 F.3d at 1133. Alternatively, if a defendant cannot establish "cause" and "actual prejudice," a defendant may be entitled to relief under § 2255 if an error of a constitutional nature would result in a complete miscarriage of justice–that being where a defendant is actually innocent.. *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). There has been no such showing here; therefore, the Court finds this claim cannot be reviewed.